No. 96-731

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

ESTATE OF DEBORAH RUTH MOREHOUSE,
Deceased; JAMES MOREHOUSE as
Personal Representative,

Plaintiff and Appellant,

v.

COUNTY OF YELLOWSTONE, STATE OF
MONTANA; DEPUTY BAUER, DEPUTY
KAMMINGA & DEPUTY ELLIS,

Defendants and Respondents.

FILED

APR 24 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Maurice Colberg, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James Robert Graves, Ingrid Gustafson, Graves, Toennis & Gustafson,
Billings, Montana

For Respondent:

Charles R. Cashmore, Billings, Montana

Submitted on Briefs: April 3, 1997

Decided: April 24, 1997

Filed:

_____
Clerk

**MEMORANDUM**

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

This is an appeal from a jury verdict in favor of the respondents, Yellowstone County and Deputies Bauer, Kamminga and Ellis (hereinafter collectively referred to as Yellowstone County or the Deputies), and against the appellant Estate of Deborah Ruth Morehouse, James Morehouse as personal representative (hereinafter referred to as Morehouse). We reverse and remand for new trial.

The basic facts are that during the early morning hours of October 31, 1992, the Deputies, after having breakfast at a local Billings restaurant, found Brent Straw, now deceased, parked next to their patrol car in his pickup, intoxicated and passed out. They tried to arouse him and were minimally successful in doing so. Without taking any precautions or making any arrest, the deputies left Straw asleep in the pickup. A short time later Straw drove the wrong way on Interstate 90, between Laurel and Billings, Montana, and collided with the vehicle of Deborah Ruth Morehouse, who was on her way to work. Morehouse died as a result of the accident. The Estate brought suit against Yellowstone County, asserting that the Deputies were negligent in failing to arrest Straw for DUI and that their negligence resulted in the death of Morehouse. The jury determined that the Deputies had

2

probable cause to arrest Straw for DUI; that they were negligent in not making the arrest; but that their negligence was not a legal cause of Morehouse's death. Prior to bringing suit, Morehouse settled with the estate of Brent Straw.

Three issues are raised on appeal:

1. Were Morehouse's substantive due process rights violated by allowing the jury to consider the affirmative defense that Morehouse's damages were caused by or contributed to by an unnamed third party, pursuant to § 27-1-703(6), MCA (1995)?

2. Was the issue of causation properly submitted to the jury?

3. Did the District Court err in admitting evidence of drug use and sale by Morehouse's son?

Having considered the arguments of the parties in the context of the record of this case, we conclude that the jury verdict and the judgment entered in this case by the District Court should be reversed and this case remanded for a new trial on the issue of liability and damages.

## Issue 1

In light of our decision in Plumb v. Fourth Jud. Dist. Court (Mont.1996), 927 P.2d 1011, 53 St.Rep. 1187, declaring the nonparty defense unconstitutional, it was error for the District Court to submit this defense to the jury. While Yellowstone County argues that submission of the nonparty defense to the jury in this case was harmless error because the jury found that the Deputies' conduct was not the legal cause of the accident in which

3

Morehouse died, we agree with Morehouse that the nonparty defense so permeated the entire litigation in this case that Morehouse's substantive due process rights were violated by the submission of the nonparty defense to the jury. There is simply no way to gage the effect of this defense on the jury's deliberations and verdict and, accordingly, the case must be retried.

## Issue 2

With regard to issue two, Morehouse argues that where law enforcement officers negligently failed to arrest a DUI suspect and the suspect then causes an automobile fatality within one hour and twenty minutes after being encountered by the law enforcement officers and where, as both parties seem to agree, there was no intervening or superseding negligence or any allegation of comparative negligence, then as a matter of law the negligence of the officers must be a legal cause in bringing about the decedent's death. On that basis, Morehouse argues that we should remand the case for a new trial only on the issue of damages. We disagree.

Causation is normally an issue to be decided by the fact finder and where conflicting evidence is presented at trial, such issues must be decided by the jury. Werre v. David (1996), 275 Mont. 376, 392, 913 P.2d 625, 635. We obviously do not know exactly on what basis the jury determined that the negligence of the deputies was not a legal cause of Morehouse's death. Given the nature of the conflicting evidence presented to the jury, including the substantial causation instruction offered by Morehouse, and given, that the jury was allowed to consider the nonparty defense, it would be improper for this Court to

4

speculate as to the reasons why the jury made the decision on the issue of causation that it did. Again, the only proper way to resolve this case is to remand for retrial on liability as well as on damages.

## Issue 3

Finally, appellant argues that the District Court abused its discretion in admitting evidence that Morehouse's son used and sold marijuana following his mother's death. Yellowstone County argues that admitting the evidence was within the court's discretion or was at most harmless error. In the context in which this evidence was admitted in this case, and because we are remanding this case for a new trial, we conclude that it is unnecessary that we address this issue.

Reversed and remanded for a new trial.

Chief Justice

Justices

5

April 25, 1997

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

James Robert Graves, Esq.; Ingrid Gustafson, Esq.
Graves, Toennis & Gustafson
P.O. Box 7227
Billings, MT 59103-7227

Charles R. Cashmore
Attorney at Law
301 N. 27th St.
Billings, MT 59101

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy